IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

WENDY GAUTHIER,

    *Plaintiff,*

*v.*

SUNHEALTH SPECIALTY SERVICES, INC.
AND
SUNBRIDGE HEALTHCARE CORPORATION

    *Defendants.*

05cv 40119 - FDS

## NOTICE OF REMOVAL

To the Honorable Judges of said Court.

SunBridge Healthcare Corporation ("SHC"), and SunHealth Specialty Services,

Inc. ("SSSI"), both New Mexico corporations, the Defendants in the above-entitled

action, respectfully show to the Court:

1.    The above action has been brought in the Superior Court, County of Worcester,

and is now pending therein.  Said action was initially served upon defendants on July 1,

2005 against SHC and SSSI, both New Mexico corporations.

2.    The parties are diverse because the plaintiff is a citizen of the Commonwealth of

Massachusetts, and the defendants SHC and SSSI are New Mexico corporations with

their principal places of business in New Mexico.

3.    Based on the claims the plaintiff alleges, it is anticipated that the plaintiff will

seek damages in excess of the amount in controversy.  Therefore, the matter in

controversy exceeds, exclusive of costs and disbursements, the sum of $75,000. No change of citizenship of parties has occurred since the commencement of this action.

4.     Copies of all process, pleadings and orders served upon the petitioner are filed herewith.

WHEREFORE, the defendant prays that this action be removed from state court to this court as provided by law.

Dated: July 18, 2005

Defendants,

SunBridge Healthcare Corporation,
SunHealth Specialty Services, Inc.

By their attorneys,

Michael Williams (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: 617.439.4990
Facsimile: 617.439.3987

I hereby certify that a true copy of the above
document was served upon (each party
appearing pro se and) the attorney of record
for each other party by mail - hand -
telecopier, on _____ 7/18/05

FILED OFFICE

2: 13

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT
DOCKET NO.:

---

WENDY GAUTHIER,

    Plaintiff

v.

SUNHEALTH SPECIALTY
SERVICES, INC. and SUNBRIDGE
HEALTHCARE CORPORATION,

    Defendants

---

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Wendy Gauthier, is a natural person currently residing at 7 Grafton Street,

Apartment 2, Millbury, Worcester County, Massachusetts.

2. The Defendant, SunHealth Specialty Services, Inc. (hereinafter referred to as

"SunHealth" or collectively as "Defendants"), is a corporation with a principle address of

101 Sun Avenue, Albuquerque, New Mexico.

3. The Defendant, SunBridge Healthcare Corporation (hereinafter referred to as

"SunBridge" or collectively as "Defendants"), is a corporation with a principle address of

101 Sun Avenue, Albuquerque, New Mexico.  SunBridge operates a facility known as

SunBridge Care and Rehabilitation for Sandalwood (hereinafter referred to as

"Sandalwood"), is located at 3 Pine Street, Oxford, Worcester County, Massachusetts.

## Facts

4.   The Plaintiff began her employment with the Defendants at the Sandalwood facility in or
     about December of 2003 as a full-time employee under the job title of Certified Nursing
     Assistant (CNA). Over the time of her employment, the Plaintiff always performed her
     job responsibilities well.

5.   The Plaintiff was injured during the course of her employment while moving a patient.
     As a result of this injury, the Plaintiff went to the hospital and was treated for a strained
     muscle.

6.   The Plaintiff believed that a worker's compensation claim should have been filed on her
     behalf.

7.   The Plaintiff had initially requested light duty and was denied, while other employees had
     been granted light duty in the past.

8.   The Defendants were aware that the Plaintiff was pregnant. The Plaintiff began
     experiencing complications with her pregnancy and informed management of the
     Defendants.

9.   The Plaintiff requested a reasonable accommodation from the Defendants for
     complications related to her pregnancy. The Plaintiff asked the Defendants for time off
     from work and light duty and was denied.

10.  The Plaintiff provided medical documentation to the Defendants regarding her pregnancy
     complications and her injury while at work.

11.  When the Plaintiff attempted to return to work after her injury with medical
     documentation, the Plaintiff felt retribution and retaliation for being injured on the job
     and for requesting reasonable accommodation for her pregnancy.

12. Ultimately, the Plaintiff's employment was terminated on or about May 15, 2004 for allegedly committing a "no call–no show."

13. In fact, the Plaintiff had informed the Defendants of her scheduled absence and notified the Defendants of her replacement.

14. The Plaintiff believes that the reasons given by the Defendants for her termination are not credible and are a pretext.

### Count I
**(M.G.L. c. 151B - Handicap Discrimination and Harassment)**

15. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

16. The Plaintiff is a qualified handicap person, pursuant to M.G.L. c. 151B and otherwise. The Plaintiff was also regarded as handicapped by the Defendants.

17. The Plaintiff's employment with the Defendants was terminated, and her employment with the Defendants was otherwise adversely affected, based upon the Plaintiff's handicap.

18. The Plaintiff was treated adversely and differently than her co-workers and she suffered a pervasive and hostile work environment based upon her handicap and disability.

19. The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to stop this conduct.

WHEREFORE, The Plaintiff, Wendy Gauthier, respectfully requests a judgment against the Defendants and for all damaged available pursuant to M.G.L. c. 151B.

### Count II
**(M.G.L. c. 151B–Sex/Gender/Pregnancy Discrimination)**

20. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

21. The discriminatory treatment of the Plaintiff, as described herein, violates the express

22.   There is direct and circumstantial evidence of bias on the part of the Defendants,
including, but not limited to, the evidence set forth above.

23.   This environment and the conditions imposed upon the Plaintiff and the adverse action
taken against the Plaintiff related to her sex and gender adversely affected the terms and
conditions of her employment.

24.   The Plaintiff was severely and adversely affected by the Defendants' conduct and the
failure of the Defendants to take reasonable steps to stop this conduct.

WHEREFORE, the Plaintiff, Wendy Gauthier, respectfully requests a judgment against
the Defendants and for all damages available pursuant to M.G.L. c. 151B.

## Count III
## (M.G.L. c. 151B –Retaliation)

25.   The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

26.   The Plaintiff was treated differently as to the terms and conditions of her employment
and based upon her reporting of handicap, sex and gender discrimination.

27.   The Plaintiff believes that she was terminated, at least in part, based upon her reporting of
said discrimination.

28.   This environment and the conditions imposed upon the Plaintiff related to and adversely
affected the terms and conditions of her employment.

29.   The Plaintiff was severely and adversely affected by the Defendants' conduct and the
failure of the Defendants to take reasonable steps to ensure that this discriminatory
conduct would not continue.

WHEREFORE, the Plaintiff, Wendy Gauthier, respectfully requests judgment against the
Defendants and for all damages available pursuant to M.G.L. c. 151B.

## THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE

## IN THE SUPERIOR COURT.

Respectfully submitted,

The Plaintiff
WENDY GAUTHIER
By Her Attorney

Date: May 12, 2005

MICHAEL O. SHEA, ESQUIRE
BBO#555474
Law Office Of Michael O. Shea, P.C.
451 Main Street
Wilbraham, MA 01095
Telephone: (413) 596-8005
Facsimile: (413) 596-8095

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

A TRUE COPY ATTEST

DEPUTY SHERIFF
7/1/05

*Wendy Gauthier*

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No.   05 - 0881 C

)
)
)
)

**Plaintiff (s)**

v.

*Sun Health Specialty Services, Inc.
and Sun Bridge Healthcare
Corporation*    **Defendant (s)**

)
)
)
)
)

**SUMMONS**

\*    To the above-named Defendant: *SunBridge Healthcare Corporation*

You are hereby summoned and required to serve upon .....................................
.......................... *Michael O. Shea, Esq.* ......................................... plaintiff's attorney,
whose address is *451 Main St., Wilbraham, MA 01095* .............................
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Barbara J. Rouse

Witness, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Esquire, at Worcester, the......*28th*..............
day of ........*June*........................................in the year of our Lord two thousand and
.....*five*........ .

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*    NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
Court, Room 21.

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 05-0881C | Trial Court of Massachusetts Superior Court Department County: Worcester |
|---|---|---|

PLAINTIFF(S)
Wendy Gauthier

DEFENDANT(S)
SunHealth Specialty Services, Inc. and Sunbridge Healthcare Corporation

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (413) 596-8005
Michael O. Shea, Esq.
451 Main St., Wilbraham MA 01095
Board of Bar Overseers number: BBO # 555474

ATTORNEY (if known)

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

| CODE NO. | TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) | | |
|---|---|---|---|
| | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
| B22 | Employment Discrimination | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $............
2. Total Doctor expenses ............................................. $............
3. Total chiropractic expenses ....................................... $............
4. Total physical therapy expenses .................................. $............
5. Total other expenses (describe) ................................... $............
                                                        Subtotal $............
B. Documented lost wages and compensation to date ................... $............
C. Documented property damages to date ............................. $............
D. Reasonably anticipated future medical and hospital expenses ....... $............
E. Reasonably anticipated lost wages ................................ $............
F. Other documented items of damages (describe)

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)      $............



                                                        $............
                                                  TOTAL $............

**Tort ~~CONTRACT~~ CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Employment discrimination based on sex, gender, handicap
and pregnancy. Damages include lost wages and benefits,
emotional distress, attorney's fees, among others.

In Excess of

TOTAL $ 25,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 5/12/05

05cv40119FDS

# LAWSON & WEITZEN, LLP

ATTORNEYS AT LAW

88 BLACK FALCON AVENUE, SUITE 345
BOSTON, MASSACHUSETTS 02210-2414

EVAN T. LAWSON
RICHARD B. WEITZEN *
PAMELA B. BANKERT
FRANK L. BRIDGES
IRA H. ZALEZNIK
JOHN J. WELTMAN ***
VALERIE L. PAWSON
GEORGE F. HAILER *
GEORGE E. CHRISTODOULO, PC
KENNETH B. GOULD
JOSEPH FRIEDMAN
JOHN A. TENNARO
WILLIAM F. COYNE, JR.
DAVID A. RICH *
DENNIS J. MANESIS **
NATALIE A. KANELLIS †

PATRICIA L. FARNSWORTH
K. SCOTT GRIGGS
MICHAEL J. McDEVITT
STEVEN M. BUCKLEY
SONIA A. GUTERMAN, PH.D.
J. MARK DICKISON *
CLARE B. BURHOE
ROBERT J. ROUGHSEDGE ***
CAROLINE A. O'CONNELL *
MARISSA A. GOLDBERG
MICHAEL WILLIAMS
KATHRYN E. PIECZARKA
DEAN J. HUTCHISON
SCOTT T. BUCKLEY
CHRISTOPHER S. FARNSWORTH
KRISTINA A. ENGBERG

**BOSTON**
TELEPHONE (617) 439-4990
TELECOPIER (617) 439-3987
EMAIL: POST@LAWSON-WEITZEN.COM
WWW.LAWSON-WEITZEN.COM

**CAPE COD**
LAWSON, WEITZEN & BANKERT, LLP
SIX GRANITE STATE COURT
BREWSTER, MASSACHUSETTS 02631
TELEPHONE (508) 255-3600

**MARLBOROUGH**
LAWSON, WEITZEN & HAILER, LLP
171 LOCKE DRIVE, SUITE 101
MARLBOROUGH, MASSACHUSETTS 01752
TELEPHONE (508) 618-1025

July 18, 2005

United States District Court for
The District of Massachusetts
Civil Clerk's Office
John Joseph Moakley Courthouse
1 Courthouse Way
Boston, MA 02210

Re:    Wendy Gauthier v. Sun Healthcare Services, Inc. and Sunbridge
       Healthcare Corporation.

Dear Sir or Madam:

Enclosed for filing, please find a "Notice of Removal" in the above case.

Thank you for your attention in this matter and please feel free to contact us at
(617) 439-4990 with any questions or concerns.

Very truly yours,

Andrew Billg
Assistant to K. Scott Griggs

Cc:    Michael O'Shea, Esq.
       Andrew Schuh, Esq.

Case already opened
in Worcester

M.P.

* ALSO ADMITTED IN NY
** ALSO ADMITTED IN NH
*** ALSO ADMITTED IN CA
* ALSO ADMITTED IN DC
++ ALSO ADMITTED IN NJ & PA
+++ ALSO ADMITTED IN RI,CT, NH & ME
† ALSO ADMITTED IN NH & NY