MAS-20041213
walsh_r

Case 4:05-cv-40119-FDS Commonwealth of Massachusetts Page 1 of 21

07/29/2005
09:18 AM

WORCESTER SUPERIOR COURT
Case Summary
Civil Docket

## WOCV2005-00881
## Gauthier v SunHealth Specialty Services Inc et al

| | | | | | | |
|---|---|---|---|---|---|---|
| File Date | 05/16/2005 | Status | Disposed: transfered to other court (dtrans) | | | |
| Status Date | 07/26/2005 | Session | C - Civil C (16 Worcester) | | | |
| Origin | 1 | Case Type | B22 - Employment Discrimination | | | |
| Lead Case | | Track | F | | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 08/14/2005 | Answer | 10/13/2005 | Rule12/19/20 | 10/13/2005 |
| Rule 15 | 10/13/2005 | Discovery | 03/12/2006 | Rule 56 | 04/11/2006 |
| Final PTC | 05/11/2006 | Disposition | 07/10/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Wendy Gauthier
7 Grafton Street
Apt 2
Active 05/16/2005

**Private Counsel 555474**
Michael O Shea
Law Office of Michael O Shea
451 Main Street
Wilbraham, MA 01095
Phone: 413-596-8005
Fax: 413-596-8095
Active 05/16/2005 Notify

**Defendant**
SunHealth Specialty Services Inc
101 Sun Avenue
Albuquerque, NM 87101
Served: 07/01/2005
Answered: 07/19/2005
Answered 07/19/2005

**Private Counsel 634062**
Michael Williams
Lawson & Weitzen
88 Black Falcon Avenue
Suite 345
Boston, MA 02210-2414
Phone: 617-439-4990
Fax: 617-439-3987
Active 07/19/2005 Notify

**Private Counsel 638180**
Robert J Roughsedge
Lawson & Weitzen
88 Black Falcon Avenue
Suite 345
Boston, MA 02210-2414
Phone: 617-439-4990
Fax: 617-439-3987
Active 07/19/2005 Notify

**Private Counsel 555988**
K Scott Griggs
Lawson & Weitzen
88 Black Falcon Avenue
Suite 345
Boston, MA 02210-2414
Phone: 617-439-4990
Fax: 617-439-3987
Active 07/19/2005 Notify

MAS-20041213
walsh_r

Case 4:05-cv-40119-KDB Commonwealth of Massachusetts Filed 08/12/2005    Page 2 of 21

07/29/2005
09:18 AM

WORCESTER SUPERIOR COURT
Case Summary
Civil Docket

## WOCV2005-00881
## Gauthier v SunHealth Specialty Services Inc et al

| | |
|---|---|
| **Defendant**<br>SunBridge Healthcare Corporation<br>101 Sun Avenue<br>Albuquerque, NM 87101<br>Served: 07/01/2005<br>Answered: 07/19/2005<br>Answered 07/19/2005 | *** See Attorney Information Above ***<br><br><br><br>**Private Counsel 638180**<br>Robert J Roughsedge<br>Lawson & Weitzen<br>88 Black Falcon Avenue<br>Suite 345<br>Boston, MA 02210-2414<br>Phone: 617-439-4990<br>Fax: 617-439-3987<br>Active 07/19/2005 Notify<br><br>**Private Counsel 634062**<br>Michael Williams<br>Lawson & Weitzen<br>88 Black Falcon Avenue<br>Suite 345<br>Boston, MA 02210-2414<br>Phone: 617-439-4990<br>Fax: 617-439-3987<br>Active 07/19/2005 Notify |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/16/2005 | 1.0 | Complaint civil action cover sheet and Rule 29 statement filed-CJ |
| 05/16/2005 | | Origin 1, Type B22, Track F. |
| 05/16/2005 | | Filing fee paid in the amount of $240.00 including $15.00 surcharge and $20.00 security fee($275.00). |
| 07/01/2005 | 2.0 | SERVICE RETURNED: Summons and Complaint to SunBridge Healthcare Corporation(Defendant) person in charge |
| 07/01/2005 | 3.0 | SERVICE RETURNED: Summons and Complaint to SunHealth Specialty Services Inc(Defendant) person in charge |
| 07/19/2005 | 4.0 | ANSWER: SunHealth Specialty Services Inc(Defendant) |
| 07/19/2005 | 5.0 | ANSWER: SunBridge Healthcare Corporation(Defendant) |
| 07/26/2005 | 6.0 | Defts' notice of REMOVED to US District Court of Massachusetts |

### EVENTS

A true copy by photostatic process
Attest:
Asst Clerk

| CIVIL ACTION COVER SHEET | 05-0881 C | Trial Court of Massachusetts Superior Court Department County: _Worcester_ |
|---|---|---|

**PLAINTIFF(S)**
Wendy Gauthier

**DEFENDANT(S)**
SunHealth Specialty Services, Inc. and SunBridge Healthcare Corporation

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** (413) 596-8005
Michael O. Shea, Esq.
451 Main St., Wilbraham MA 01095
Board of Bar Overseers number: BBO # 555474

**ATTORNEY (if known)**

### Origin code and track designation

Place an x in one box only:

☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
☐ 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | ( F ) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................. $..........
2. Total Doctor expenses .................................................. $..........
3. Total chiropractic expenses .............................................. $..........
4. Total physical therapy expenses .......................................... $..........
5. Total other expenses (describe) .......................................... $..........

                                                           Subtotal $..........

B. Documented lost wages and compensation to date ................................ $..........
C. Documented property damages to date ........................................ $..........
D. Reasonably anticipated future medical and hospital expenses ..................... $..........
E. Reasonably anticipated lost wages .......................................... $..........
F. Other documented items of damages (describe)

                                                   $..........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                   $..........

                                                   $..........
                                                 TOTAL $..........

### Tort ~~CONTRACT~~ CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Employment discrimination based on sex, gender, handicap and pregnancy. Damages include lost wages and benefits, emotional distress, attorney's fees, among others.

In Excess of

TOTAL $ 25,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT    N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 5/12/05

AOTC-6 mic005-11/99
A.O.S.C. 1-2000

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### Contract

| | | |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

### TORT

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence Personal injury/Property damage | (F) |
| B04 | Other negligence-personal injury /Property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical | (A) |
| B07 | Malpractice - Other (Specify) | (A) |
| B08 | Wrongful death, G.L.c.229,s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

### Real Property

| | | |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L.c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of Mortgage | (X) |
| C05 | Condominium lien & charges | (X) |
| C99 | Other (Specify) | (X) |

### EQUITABLE REMEDIES

| | | |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c. 231A | (A) |
| D99 | Other (Specify) | (F) |

### Miscellaneous

| | | |
|---|---|---|
| E02 | Appeal from administrative Agency G.L.c.30A | (X) |
| E03 | Action against Commonwealth /Municipality, G.L.c.258 | (A) |
| E05 | All Arbitration | (X) |
| E07 | G.L.c.112,s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond, G.L.c.149,s.29,29a | (A) |
| E11 | Workers's Compensation | (X) |
| E12 | G.L.c.123A,s.12(SDP Commitment) | (X) |
| E14 | G.L.c.123A,s.9(SDP Petition) | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act,G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry G.L.c. 178M,s.6 | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E95 | Forfeiture G.L.c.94C,s.47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

### TRANSFER YOUR SELECTION TO THE FACE SHEET

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence -Personal Injury | (F) | Yes |

### SUPERIOR COURT RULE 29

   DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

   DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

A true copy by photostatic process

Attest:

Asst. Clerk

MAY 1 6 2005

ATTEST: ~~Francis A. Ford~~
CLERK

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT
DOCKET NO.:

05-0881 (C)

---

WENDY GAUTHIER,

               Plaintiff

v.

SUNHEALTH SPECIALTY
SERVICES, INC. and SUNBRIDGE
HEALTHCARE CORPORATION,

               Defendants

---

## COMPLAINT AND JURY DEMAND

### Parties

1.    The Plaintiff, Wendy Gauthier, is a natural person currently residing at 7 Grafton Street, Apartment 2, Millbury, Worcester County, Massachusetts.

2.    The Defendant, SunHealth Specialty Services, Inc. (hereinafter referred to as "SunHealth" or collectively as "Defendants"), is a corporation with a principle address of 101 Sun Avenue, Albuquerque, New Mexico.

3.    The Defendant, SunBridge Healthcare Corporation (hereinafter referred to as "SunBridge" or collectively as "Defendants"), is a corporation with a principle address of 101 Sun Avenue, Albuquerque, New Mexico.  SunBridge operates a facility known as SunBridge Care and Rehabilitation for Sandalwood (hereinafter referred to as "Sandalwood"), is located at 3 Pine Street, Oxford, Worcester County, Massachusetts.

## Facts

4.    The Plaintiff began her employment with the Defendants at the Sandalwood facility in or about December of 2003 as a full-time employee under the job title of Certified Nursing Assistant (CNA). Over the time of her employment, the Plaintiff always performed her job responsibilities well.

5.    The Plaintiff was injured during the course of her employment while moving a patient. As a result of this injury, the Plaintiff went to the hospital and was treated for a strained muscle.

6.    The Plaintiff believed that a worker's compensation claim should have been filed on her behalf.

7.    The Plaintiff had initially requested light duty and was denied, while other employees had been granted light duty in the past.

8.    The Defendants were aware that the Plaintiff was pregnant. The Plaintiff began experiencing complications with her pregnancy and informed management of the Defendants.

9.    The Plaintiff requested a reasonable accommodation from the Defendants for complications related to her pregnancy. The Plaintiff asked the Defendants for time off from work and light duty and was denied.

10.   The Plaintiff provided medical documentation to the Defendants regarding her pregnancy complications and her injury while at work.

11.   When the Plaintiff attempted to return to work after her injury with medical documentation, the Plaintiff felt retribution and retaliation for being injured on the job and for requesting reasonable accommodation for her pregnancy.

2

12.   Ultimately, the Plaintiff's employment was terminated on or about May 15, 2004 for

     allegedly committing a "no call–no show."

13.   In fact, the Plaintiff had informed the Defendants of her scheduled absence and notified

     the Defendants of her replacement.

14.   The Plaintiff believes that the reasons given by the Defendants for her termination are not

     credible and are a pretext.

## Count I
### (M.G.L. c. 151B - Handicap Discrimination and Harassment)

15.   The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

16.   The Plaintiff is a qualified handicap person, pursuant to M.G.L. c. 151B and otherwise.

     The Plaintiff was also regarded as handicapped by the Defendants.

17.   The Plaintiff's employment with the Defendants was terminated, and her employment

     with the Defendants was otherwise adversely affected, based upon the Plaintiff's

     handicap.

18.   The Plaintiff was treated adversely and differently than her co-workers and she suffered a

     pervasive and hostile work environment based upon her handicap and disability.

19.   The Plaintiff was severely and adversely affected by the Defendants' conduct and the

     failure of the Defendants to take reasonable steps to stop this conduct.

     WHEREFORE, The Plaintiff, Wendy Gauthier, respectfully requests a judgment against

the Defendants and for all damaged available pursuant to M.G.L. c. 151B.

## Count II
### (M.G.L. c. 151B–Sex/Gender/Pregnancy Discrimination)

20.   The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

21.   The discriminatory treatment of the Plaintiff, as described herein, violates the express

3

22. There is direct and circumstantial evidence of bias on the part of the Defendants, including, but not limited to, the evidence set forth above.

23. This environment and the conditions imposed upon the Plaintiff and the adverse action taken against the Plaintiff related to her sex and gender adversely affected the terms and conditions of her employment.

24. The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to stop this conduct.

WHEREFORE, the Plaintiff, Wendy Gauthier, respectfully requests a judgment against the Defendants and for all damages available pursuant to M.G.L. c. 151B.

### Count III
### (M.G.L. c. 151B –Retaliation)

25. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

26. The Plaintiff was treated differently as to the terms and conditions of her employment and based upon her reporting of handicap, sex and gender discrimination.

27. The Plaintiff believes that she was terminated, at least in part, based upon her reporting of said discrimination.

28. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

29. The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct would not continue.

WHEREFORE, the Plaintiff, Wendy Gauthier, respectfully requests judgment against the Defendants and for all damages available pursuant to M.G.L. c. 151B.

4

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE IN THE SUPERIOR COURT.**

Respectfully submitted,

The Plaintiff
WENDY GAUTHIER
By Her Attorney

MICHAEL O. SHEA, ESQUIRE                                    Date: May 12, 2005
BBO#555474
Law Office Of Michael O. Shea, P.C.
451 Main Street
Wilbraham, MA 01095
Telephone: (413) 596-8005
Facsimile: (413) 596-8095

A true copy by photostatic process
Attest:
Asst. Clerk

5

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 05-0881 C

Wendy Gauthier

Plaintiff (s)

v.

SunHealth Specialty Services, Inc.
and SunBridge Healthcare
Corporation

Defendant (s)

)
)
)
)
)
)
)
)
)
)

**SUMMONS**

\* To the above-named Defendant: Sun Health Specialty Services, Inc.

You are hereby summoned and required to serve upon........................................
.........................Michael D. Shea, Esq........................, plaintiff's attorney,
whose address is 451 Main St., Wilbraham MA 01095........................
an answer to the complaint which is herewith served upon you, within **20 days after**
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Barbara J. Rouse

Witness, ▇▇▇▇▇▇▇▇▇▇ D. Esquire, at Worcester, the......28th..........
day of ...June.......................................in the year of our Lord two thousand  and
...five...........

# FILED

JUL 0 6 2005

ATTEST: _Francis A. Ford_

CLERK

_Francis A. Ford_

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
Court, Room 21.

**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100

*Worcester, ss*

07/05/2005

I hereby certify and return that on 07/01/2005 at 12:25pm I served a true
and attested copy of the Summons and Complaint & Jury Demand, Civil Action
Cover Sheet in this action in the following manner: To wit, by delivering
in hand to KATHLEEN RAYMOND, agent, person in charge at the time of service
for SUN HEALTH SPECIALTY SERVICES, INC. at 3 PINE ST, OXFORD, MA. Fees:
Service 30.00, Travel 8.96, Conveyance 4.50, Attest 5.00 & Postage and
Handling 1.00, Total fees: $49.46

Deputy Sheriff Paul R Almstrom

_____

*Deputy Sheriff*

**N.B. TO PROCESS SERVER:**

> PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
>
> **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

A true copy by photostatic process
Attest:
Asst. Clerk

, 20

**COMMONWEALTH OF MASSACHUSETTS**

**Worcester, ss.**

**Superior Court
Civil Action**

**No.**

..........Plaintiff

v.

..........Defendant

**SUMMONS**

(Mass. R. Civ. P. 4)

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No.  05-0881 C

*Wendy Gauthier*

)
)
)
Plaintiff (s)                    )
)                    **SUMMONS**
v.                                  )
)
*SunHealth Specialty Services, Inc.*  )
*and SunBridge Healthcare*       Defendant (s)  )
*Corporation*                    )

\*   To the above-named Defendant:  *SunBridge Healthcare Corporation*

You are hereby summoned and required to serve upon.................................
........................ *Michael O. Shea, Esg.* .........................., plaintiff's attorney,
whose address is *451 Main St., Wilbraham MA 01095*.....................
an answer to the complaint which is herewith served upon you, within **20 days** after
service of this summons upon you, exclusive of the day of service.  If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.
Barbara J. Rouse

Witness.████████████████████, Esquire, at Worcester, the...... *28th*...........
day of ....................*June*...........................in the year of our Lord two thousand  and
.....*five*.......... .

# FILED

### JUL 0 6 2005

ATTEST:

*[signature]*

CLERK

*[signature]*

**Clerk**

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*     NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
Court, Room 21.

**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100

*Worcester, ss*

07/05/2005

I hereby certify and return that on 07/01/2005 at 12:25pm I served a true and attested copy of the Summons and Complaint & Jury Demand, Civil Action Cover Sheet in this action in the following manner: To wit, by delivering in hand to KATHLEEN RAYMOND, agent, person in charge at the time of service for SUNBRIDGE HEALTHCARE CORPORATION at 3 PINE ST, OXFORD, MA. Fees: Service 30.00, Travel 8.96, Conveyance 0.00, Attest 5.00 & Postage and Handling 1.00, Total fees: $44.96

Deputy Sheriff Paul R Almstrom

_____
*Deputy Sheriff*

**N.B. TO PROCESS SERVER:**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

A true copy by photostatic process
Attest: _____
Ass't. Clerk

| , 20 |
|---|

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Civil Action

No.

.................... Plaintiff

v.

.................... Defendant

**SUMMONS**

(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.                                    Superior Court Department
                                                  C.A. No. 05-0881-C

WENDY GAUTHIER,

     *Plaintiff,*

v.

SUNHEALTH SPECIALTY SERVICES, INC.
AND
SUNBRIDGE HEALTHCARE CORPORATION

     *Defendants.*



## ANSWER OF SUNBRIDGE HEALTHCARE CORPORATION

### Parties

1.        The Defendant, SunBridge Healthcare Corporation, lacks sufficient knowledge to either admit or deny the allegations contained in paragraph 1.

2. - 3.     Admitted.

### Facts

4. – 10.    The Defendant, SunBridge Healthcare Corporation, lacks sufficient knowledge to either admit or deny the allegations contained in paragraphs 4. – 10.

11.       Denied.

12. - 13.   The Defendant, SunBridge Healthcare Corporation, lacks sufficient knowledge to either admit or deny the allegations contained in paragraphs 12. – 13.

14.       Denied.

## Count I

15.　　　The Defendant incorporates herein the previous paragraphs as set forth in this Complaint.

16.　　　The Defendant, SunBridge Healthcare Corporation, lacks sufficient knowledge to either admit or deny the allegations contained in paragraph 16.

17.　　　Denied.

18.　　　Denied.

19.　　　Denied.

WHEREFORE, the Defendant respectfully requests that this Honorable Court dismiss Count I with prejudice;

## Count II

20.　　　The Defendant incorporates herein the previous paragraphs as set forth in this Complaint.

21. – 24.　　　Denied.

WHEREFORE, the Defendant respectfully requests that this Honorable Court dismiss Count II with prejudice;

## Count III

25.　　　The Defendant incorporates herein the previous paragraphs as set forth in this Complaint.

26. – 29.　　　Denied.

WHEREFORE, the Defendant respectfully requests that this Honorable Court dismiss Count III with prejudice;

Defendant,

SunBridge Healthcare Corporation

By its attorneys,

_____

K. Scott Griggs  (BBO# 555988)
Robert J. Roughsedge  (BBO# 638180)
Michael Williams  (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Tel: 617.439.4990
Fax: 617.439.3987

I hereby certify that a true hand of the above
document was served upon (each party
appearing pro se and the attorney of record
for each other party by mail - hand -
telecopier, on _____ 7/15/05

A true copy by photostatic process
Attest:
Asst. Clerk

3

FILED
Clerk Office
USDC, Mass.
Date 7-20-05
By Sherry Jones
Deputy Clerk

05-881 C

# IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

WENDY GAUTHIER,

    *Plaintiff,*

v.

SUNHEALTH SPECIALTY SERVICES, INC.
AND
SUNBRIDGE HEALTHCARE CORPORATION

    *Defendants.*



**05-40119 FDS**

FILED

JUL 2 8 2005

ATTEST: _Frances a quier_ CLERK

## NOTICE OF REMOVAL

To the Honorable Judges of said Court.

SunBridge Healthcare Corporation ("SHC"), and SunHealth Specialty Services, Inc. ("SSSI"), both New Mexico corporations, the Defendants in the above-entitled action, respectfully show to the Court:

1.    The above action has been brought in the Superior Court, County of Worcester, and is now pending therein. Said action was initially served upon defendants on July 1, 2005 against SHC and SSSI, both New Mexico corporations.

2.    The parties are diverse because the plaintiff is a citizen of the Commonwealth of Massachusetts, and the defendants SHC and SSSI are New Mexico corporations with their principal places of business in New Mexico.

3.    Based on the claims the plaintiff alleges, it is anticipated that the plaintiff will seek damages in excess of the amount in controversy. Therefore, the matter in



I hereby certify on 7/20/05 the
foregoing document is true
☐ electronic docket in t' ' '
☐ electronically filed
☑ original filed in my
    Sarah A. Thor
    Clerk, U.S. Dis
    District of Mas
By: _Sherry_
Deputy Clerk

1

controversy exceeds, exclusive of costs and disbursements, the sum of $75,000. No

change of citizenship of parties has occurred since the commencement of this action.

4.      Copies of all process, pleadings and orders served upon the petitioner are filed

herewith.

        WHEREFORE, the defendant prays that this action be removed from state court

to this court as provided by law.

Dated: July 18, 2005

                          Defendants,


                          SunBridge Healthcare Corporation,
                          SunHealth Specialty Services, Inc.

                          By their attorneys,


                          Michael Williams (BBO# 634062)
                          Lawson & Weitzen, LLP
                          88 Black Falcon Avenue, Suite 345
                          Boston, MA 02210-1736
                          Telephone: 617.439.4990
                          Facsimile:  617.439.3987


i hereby certify that a true copy of the above
document was served upon (each party
appearing pro se and) the attorney of record
for each other party/by mail - hand -
telecopier, on _____


                    A true copy by photostatic process
                    Attest:
                        Asst. Clerk

2

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court Department
C.A. No. 05-0881-C

WENDY GAUTHIER,

    *Plaintiff,*

*v.*

SUNHEALTH SPECIALTY SERVICES, INC.
AND
SUNBRIDGE HEALTHCARE CORPORATION

    *Defendants.*



## ANSWER OF SUNHEALTH SPECIALTY SERVICES, INC.

### Parties

1.        The Defendant, SunHealth Specialty Services, Inc. lacks sufficient knowledge to either admit or deny the allegations contained in paragraph 1.

2. - 3.        Admitted.

### Facts

4. – 10.        The Defendant, SunHealth Specialty Services, Inc., lacks sufficient knowledge to either admit or deny the allegations contained in paragraphs 4. – 10.

11.        Denied.

12. - 13.        The Defendant, SunHealth Specialty Services, Inc., lacks sufficient knowledge to either admit or deny the allegations contained in paragraphs 12. – 13.

14.        Denied.

1

## Count I

15.         The Defendant incorporates herein the previous paragraphs as set forth in this Complaint.

16.         The Defendant, SunHealth Specialty Services, Inc., lacks sufficient knowledge to either admit or deny the allegations contained in paragraph 16.

17.         Denied.

18.         Denied.

19.         Denied.

WHEREFORE, the Defendant respectfully requests that this Honorable Court dismiss Count I with prejudice;

## Count II

20.         The Defendant incorporates herein the previous paragraphs as set forth in this Complaint.

21. – 24.         Denied.

WHEREFORE, the Defendant respectfully requests that this Honorable Court dismiss Count II with prejudice;

## Count III

25.         The Defendant incorporates herein the previous paragraphs as set forth in this Complaint.

26. – 29.         Denied.

WHEREFORE, the Defendant respectfully requests that this Honorable Court dismiss Count III with prejudice;

Defendant,

SunHealth Specialty Services, Inc.
By its attorneys,

_____
K. Scott Griggs  (BBO# 555988)
Robert J. Roughsedge  (BBO# 638180)
Michael Williams  (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Tel: 617.439.4990
Fax: 617.439.3987

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail - hand - telecopier, on ____7/13/05_____

A true copy by photostatic process
Attest:
Asst. Clerk

3