UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WENDY GAUTHIER,
    *Plaintiff,*

*v.*

SUNHEALTH SPECIALTY SERVICES, INC. and SUNBRIDGE HEALTHCARE CORPORATION

    *Defendants.*

4:05-cv-40119

**DEFENDANTS' BRIEF IN SUPPORT
OF JURISDICTIONAL AMOUNT**

Pursuant to the Court order entered by this Court during the January 10, 2006 scheduling conference, the Defendants, SunHealth Specialty Services, Inc. and SunBridge Healthcare Corporation, hereby submit their brief in support of jurisdictional amount.

In May 2005, the Plaintiff, Wendy Gauthier, filed a Complaint in the Worcester Superior Court against the Defendants alleging Handicap Discrimination and Harassment, Sex/Gender/Pregnancy Discrimination, and Retaliation. The Plaintiff brought her claims pursuant to M.G.L.c. 151B and in each count sought <u>all</u> damages available pursuant to G.L.c. 151B. The Plaintiff filed her Complaint with a cover sheet and statement of damages in excess of $25,000 but did not further quantify the damages. The Plaintiff's statement of damages includes lost wages and benefits, emotional distress, and attorney's fees. The Defendants removed the case to the U.S. District Court of Massachusetts in July 2005 on the basis of the federal jurisdiction.

As a wholly state-based claim, the federal court has jurisdiction to hear this case only if the requirements of 28 U.S.C. § 1332 are met: complete diversity of citizenship between the parties and an amount-in-controversy greater than $75,000. 28 U.S.C. § 1332. The requirement of complete diversity of citizenship between the parties has been met as the Plaintiff is a citizen of the Commonwealth of Massachusetts and the Defendants are New Mexico corporations with their principal place of business in New Mexico. The question before this Court is whether the amount in controversy requirement has been satisfied.

The amount in controversy requirement is ordinarily determined from the plaintiff's complaint. *See Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); *Coventry Sewage Assocs. v. Dworkin Realty Co.,* 71 F.3d 1, 4 (1st Cir.1995)(stating that "it has long been the rule that a court decides the amount in controversy from the face of the complaint").

Although the amount of controversy generally excludes costs and fees, attorney's fees can be counted toward the amount in controversy "when the fees are provided for by contract, and when a statute mandates or allows payment of the fees." *Spielman v. Genzyme,* 251 F.3d 1, 7 (1st Cir. 2001). citing *Velez v. Crown Life Insurance Co.,* 599 F.2d 471, 474 (1st Cir.1979). In the instant case, the Plaintiff's Complaint alleges damages pursuant to G.L.c. 151B. Damages available to the Plaintiff under G.L.c. 151B are actual and punitive damages, costs and reasonable attorney fees.

Based on the Plaintiff's Complaint and her demand for recovery of <u>all</u> damages available pursuant to G.L.c. 151B, it is anticipated that the plaintiff will seek damages in excess of the amount in controversy. However, if the Plaintiff stipulates to the Court that

she will not seek damages in excess of $75,000.00, the Defendant will concede that it cannot meet is burden for federal jurisdiction. Without such stipulation, this Court should retain jurisdiction.

WHEREFORE, the Defendants pray that this action remain in this Court, where it was removed as provided by law and that the Court not remand the case to Superior Court.

Respectfully submitted,

**SunHealth Specialty Services, Inc., and SunBridge Healthcare Corporation**

by their Attorneys,

/s/ Marissa A. Goldberg
K. Scott Griggs  (BBO# 555988)
Robert J. Roughsedge  (BBO# 638180)
Michael Williams  (BBO# 634062)
Marissa A. Goldberg (BBO #654506)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987
mgoldberg@lawson-weitzen.com

**CERTIFICATE OF SERVICE**
I hereby certify that this Document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 24, 2006.

  /s/ Marissa A. Goldberg