UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WENDY GAUTHIER,

               Plaintiff

v.                                                                  CIVIL ACTION NO.: 05CV40119-FDS

SUNHEALTH SPECIALTY
SERVICES, INC. and SUNBRIDGE
HEALTHCARE CORPORATION,

               Defendants

## PLAINTIFF'S  MOTION AND MEMORANDUM IN SUPPORT OF HER MOTION TO AMEND COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, Wendy Gauthier, and respectfully requests leave to amend her Complaint And Jury Demand, pursuant to FRCP Rule 15 and otherwise. The Plaintiff wishes to amend to her Complaint include a count asserting violations of M.G.L. c. 152, § 75B regarding retaliation under the Massachusetts Worker's Compensation Act. As reasons therefor, the Plaintiff states as follows:

1.     The Defendants will not be prejudiced by the allowance of this Motion and such motions to amend are freely allowed. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The Plaintiff has alleged sufficient facts in her Complaint in order to support her claims under M.G.L. c. 152, § 75B that she had been retaliated against for a work-related injury. See generally, Gilman v. C & S Wholesale Grocers, Inc., (Ponsor, J.)(D.Mass.2001).

2.     Discovery is not yet completed, and any discovery not already conducted on the subject matter of the M.G.L. c. 152, Sec. 75B claim can be conducted prior to the current close of discovery.

3.    The Plaintiff has not heretofore moved to amend the pleadings.

4.    The proposed Amended Complaint is attached hereto as Exhibit A.

WHEREFORE, the Plaintiff, Wendy Gauthier, respectfully requests that this Court allow

her to file an Amended Complaint (attached hereto) to include a count for violations of M.G.L. c.

152 §  75B.


The Plaintiff
WENDY GAUTHIER
By Her Attorney


Dated: May 4, 2006

MICHAEL O. SHEA, ESQ.
BBO# 555474
Law Office Of Michael O. Shea, P.C.
451 Main Street
Wilbraham, MA 01095
Telephone: (413) 596-8005
Facsimile: (413) 596-8095

### Request For Oral Argument

Pursuant to Local Rule 7.1, the Plaintiff respectfully requests oral argument with regard to the Plaintiff's Motion To Amend Complaint And Jury Demand.

Michael O. Shea


### Local Rule 7.1 Certification

Pursuant to Local Rule 7.1, the undersigned Counsel certifies that he has attempted to confer in good faith with Defendant's Counsel concerning the within Motion and the issues raised in the within Motion.

Michael O. Shea

2

## **Certificate Of Service**

I, Michael O. Shea, hereby certify that a copy of the foregoing document was served upon counsel for the Defendants by electronic filing, on this 4th day of May, 2006.

_____
Michael O. Shea

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WENDY GAUTHIER,

              Plaintiff

v.

SUNHEALTH SPECIALTY
SERVICES, INC. and SUNBRIDGE
HEALTHCARE CORPORATION,

              Defendants

CIVIL ACTION NO.: 05cv40119-FDS

## PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

### Parties

1.     The Plaintiff, Wendy Gauthier, is a natural person currently residing at 7 Grafton Street, Apartment 2, Millbury, Worcester County, Massachusetts.

2.     The Defendant, SunHealth Specialty Services, Inc. (hereinafter referred to as "SunHealth" or collectively as "Defendants"), is a corporation with a principle address of 101 Sun Avenue, Albuquerque, New Mexico.

3.     The Defendant, SunBridge Healthcare Corporation (hereinafter referred to as "SunBridge" or collectively as "Defendants"), is a corporation with a principle address of 101 Sun Avenue, Albuquerque, New Mexico. SunBridge operates a facility known as SunBridge Care and Rehabilitation for Sandalwood (hereinafter referred to as "Sandalwood"), is located at 3 Pine Street, Oxford, Worcester County, Massachusetts.

## Facts

4.    The Plaintiff began her employment with the Defendants at the Sandalwood facility in or about December of 2003 as a full-time employee under the job title of Certified Nursing Assistant (CNA).  Over the time of her employment, the Plaintiff always performed her job responsibilities well.

5.    The Plaintiff was injured during the course of her employment while moving a patient. As a result of this injury, the Plaintiff went to the hospital and was treated for a strained muscle.

6.    The Plaintiff believed that a worker's compensation claim should have been filed on her behalf.

7.    The Plaintiff had initially requested light duty and was denied, while other employees had been granted light duty in the past.

8.    The Defendants were aware that the Plaintiff was pregnant.  The Plaintiff began experiencing complications with her pregnancy and informed management of the Defendants.

9.    The Plaintiff requested a reasonable accommodation from the Defendants for complications related to her pregnancy.  The Plaintiff asked the Defendants for time off from work and light duty and was denied.

10.   The Plaintiff provided medical documentation to the Defendants regarding her pregnancy complications and her injury while at work.

11.   When the Plaintiff attempted to return to work after her injury with medical documentation, the Plaintiff felt retribution and retaliation for being injured on the job and for requesting reasonable accommodation for her pregnancy.

12.     Ultimately, the Plaintiff's employment was terminated on or about May 15, 2004 for
        allegedly committing a "no call–no show."

13.     In fact, the Plaintiff had informed the Defendants of her scheduled absence and notified
        the Defendants of her replacement.

14.     The Plaintiff believes that the reasons given by the Defendants for her termination are not
        credible and are a pretext.

<u>Count I</u>
**(M.G.L. c. 151B - Handicap Discrimination and Harassment)**

15.     The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

16.     The Plaintiff is a qualified handicap person, pursuant to M.G.L. c. 151B and otherwise.
        The Plaintiff was also regarded as handicapped by the Defendants.

17.     The Plaintiff's employment with the Defendants was terminated, and her employment
        with the Defendants was otherwise adversely affected, based upon the Plaintiff's
        handicap.

18.     The Plaintiff was treated adversely and differently than her co-workers and she suffered a
        pervasive and hostile work environment based upon her handicap and disability.

19.     The Plaintiff was severely and adversely affected by the Defendants' conduct and the
        failure of the Defendants to take reasonable steps to stop this conduct.

        WHEREFORE, The Plaintiff, Wendy Gauthier, respectfully requests a judgment against
the Defendants and for all damaged available pursuant to M.G.L. c. 151B.

<u>Count II</u>
**(M.G.L. c. 151B–Sex/Gender/Pregnancy Discrimination)**

20.     The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

21.     The discriminatory treatment of the Plaintiff, as described herein, violates the express

3

provisions of M.G.L. c. 151B with regard to sex, gender and pregnancy.

22.    There is direct and circumstantial evidence of bias on the part of the Defendants, including, but not limited to, the evidence set forth above.

23.    This environment and the conditions imposed upon the Plaintiff and the adverse action taken against the Plaintiff related to her sex and gender adversely affected the terms and conditions of her employment.

24.    The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to stop this conduct.

WHEREFORE, the Plaintiff, Wendy Gauthier, respectfully requests a judgment against the Defendants and for all damages available pursuant to M.G.L. c. 151B.

### Count III
### (M.G.L. c. 151B –Retaliation)

25.    The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

26.    The Plaintiff was treated differently as to the terms and conditions of her employment and based upon her reporting of handicap, sex and gender discrimination.

27.    The Plaintiff believes that she was terminated, at least in part, based upon her reporting of said discrimination.

28.    This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

29.    The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct would not continue.

WHEREFORE, the Plaintiff, Wendy Gauthier, respectfully requests judgment against the Defendants and for all damages available pursuant to M.G.L. c. 151B.

4

## Count IV
### (M.G.L. c. 152, Section 75B –Retaliation)

25.    The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

26.    The Plaintiff was treated differently as to the terms and conditions of her employment
        and based upon her work-related injury.

27.    The Plaintiff believes that she was terminated, at least in part, based upon her work-
        related injury.

28.    This environment and the conditions imposed upon the Plaintiff related to and adversely
        affected the terms and conditions of her employment.

29.    The Plaintiff was severely and adversely affected by the Defendants' conduct and the
        failure of the Defendants to take reasonable steps to ensure that this discriminatory
        conduct and retaliation would not continue.

        WHEREFORE, the Plaintiff, Wendy Gauthier, respectfully requests judgment against the

Defendants and for all damages available pursuant to M.G.L. c. 152, Section 75B.

**THE PLAINTIFF CLAIMS A JURY TRIAL WITH RESPECT TO ALL CLAIMS**

**SO TRIABLE, PURSUANT TO FED. R. CIV. P. RULE 38 AND OTHERWISE.**


The Plaintiff
WENDY GAUTHIER
By Her Attorney                                              Date: May 4, 2006

MICHAEL O. SHEA, ESQUIRE
BBO#555474
Law Office Of Michael O. Shea, P.C.
451 Main Street
Wilbraham, MA 01095
Telephone: (413) 596-8005
Facsimile: (413) 596-8095