UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05cv40119-FDS

WENDY GAUTHIER,

               Plaintiff

v.

SUNHEALTH SPECIALTY SERVICES, INC. and SUNBRIDGE HEALTHCARE CORPORATION,

               Defendants

## JOINT PRETRIAL MEMORANDUM

Pursuant to Fed. R. Civ. P. 16(d) of the Local Rules of the United States Court for the District of Massachusetts, and this Court's order dated March 27, 2008, Plaintiff Wendy Gauthier (hereinafter referred to as "the Plaintiff") and Defendants SunHealth Specialty Services, Inc. and SunBridge Healthcare Corporation (hereinafter referred to as "the Defendants"), file the following joint pretrial memorandum.

## I. EVIDENCE THAT WILL BE OFFERED AT TRIAL

Summary of the Plaintiff's Evidence

The Plaintiff will offer evidence that, while pregnant, she was injured when moving a patient and that as a result of this injury, the Plaintiff went to the hospital and was treated for a strained muscle. The Plaintiff will offer evidence that subsequent to her injury, she requested light duty and was denied, while other employees had been granted light duty in the past.

The Plaintiff will offer evidence that she requested a reasonable accommodation from the Defendants for complications related to her pregnancy and that when she asked the Defendants

for time off from work and light duty, she was denied these reasonable accommodations. The Plaintiff will further offer evidence that when she attempted to return to work after her injury with medical documentation, she felt retribution and retaliation for being injured on the job and for requesting a reasonable accommodation for her pregnancy. The Plaintiff will offer evidence that she performed her job at an acceptable level and that her employment with the Defendants was terminated on or about May 15, 2004 for allegedly committing a "no-call/no-show" and pregnancy, when in fact, the Plaintiff had informed the Defendants of her scheduled absence and notified the Defendants of her replacement. The Plaintiff will offer evidence that the real reason for her termination was for her handicap status and requests for accommodations and pregnancy. The Plaintiff was retaliated against in this regard.

The Plaintiff will offer medical evidence that she required light duty and that she experienced severe symptoms regarding her pregnancy.

The Plaintiff will present evidence of lost wages and benefits. At and after trial, the Plaintiff will be seeking compensatory damages, emotional distress damages, attorney's fees and costs, interest, along with all other damages available to her under the applicable law.

<u>Summary of the Defendants' Evidence</u>

The Defendants expect that the evidence will show that Wendy Gauthier was terminated from her position as a Certified Nurses Assistance because she violated the company's "no call/no show" policy and that neither her pregnancy nor her injury were factors in the decision to terminate her employment.

The evidence will show that in December of 2003, Wendy Gauthier was hired as a Certified Nurses Assistant or CNA at SunBridge Care and Rehabilitation for Sandalwood in Oxford, Massachusetts. She was hired to work the 11:00 PM to 7:00 AM shift and was paid at a

rate of $^{\$}$12:00 an hour.  At the time she was hire, Ms. Gauthier was pregnant and that Sandalwood's Director of Nurses, Ann Kendall, was aware of her pregnancy when she made the decision to hired Ms. Gauthier.  Ms. Gauthier was only employed at Sandalwood for five months.  On two occasions Ms. Gauthier committed what the facility calls a "no call/no show" – that is, she failed to show up for he shift and did not call in advance to tell her employer that she would not be there.

Nursing homes must maintain a certain number of nurses and CNAs on each shift in order to care for and safeguard the elderly patents at the facility.  When a nurse or CNA fails to show up without warning, the facility is left shorthanded and the patents are put at risk.  When the Director of Nurses, Ms. Kendall and the facility Administrator, heard that Ms. Gauthier had committed a second no call/no show, they made the decision to terminate her employment at once.

Ms. Gauthier is suing SunBridge Healthcare Corporation and SunHealth Specialty Services, the companies that operate the nursing home and provide its nursing staff.  Ms. Gauthier claims that even though Ann Kendall hired her knowing that she was pregnant, the Plaintiff argues that Ms. Kendall bears a discriminatory animus towards pregnant women and that she terminated Ms. Gauthier's employment with Sandalwood because of this discriminatory animus and not because of Ms. Gauthier's poor attendance.

The evidence will show that it was Ms. Gauthier's failure to comply with company policy that motivated her termination, not any animus towards pregnant women or towards employees suffering from a disability.   The employment records for Ms. Gauthier demonstrate that she had previously violated company policy on attendance and had been counseled for her poor attendance.

## II. THE FACTS ESTABLISHED BY THE PLEADINGS OR BY STIPULATIONS OR ADMISSIONS OF COUNSEL

None at this time.

## III. CONTENDED ISSUES OF FACT

Plaintiff's Contested Issues of Fact

A. Whether the Plaintiff was discriminated against and harassed based upon her handicap.

B. Whether the Plaintiff was discriminated against based upon her sex, gender and pregnancy.

C. Whether the Plaintiff was terminated in retaliation for requesting reasonable accommodations related to her pregnancy.

D. Whether the Plaintiff was a good employee, the reasons given for her termination were a pretext, and/or the real reasons for her termination related to her pregnancy and requests for a reasonable accommodation.

Defendants' Contested Issues of Fact

The parties do not agree as to whether the Plaintiff performed her duties to an adequate level or whether she committed a no call/no show. The parties also disagree whether the Plaintiff suffered from a disability.

## IV. JURISDICTIONAL ISSUES

There are no jurisdictional issues.

## V. QUESTIONS RAISED BY PENDING MOTIONS

There are no questions raised by pending motions; however, the parties reserve the right to file motions *in limine* prior to trial.

## VI. ISSUES OF LAW

Plaintiff's Response

The Plaintiff claims that the Defendants terminated her employment in violation of M.G.L. ch. 151B and is entitled all damages pursuant to M.G.L. ch. 151B.

## VII. REQUESTED AMENDMENTS TO THE PLEADINGS

There are no requested amendments to the pleadings.

## VIII. PROBABLE LENGTH OF TRIAL

The Parties estimate that the trial can be completed within three to five full days.

## IX. NAMES OF WITNESSES

Plaintiff's Witnesses

1. Wendy Gauthier
2. Steven Copper
3. Lisa Franks
4. Kathy Raymond
5. Anne Kendall
6. John Nordstrom
7. Any other witnesses identified during the course of discovery, in documents produced, or identified by the Parties.
8. Any witnesses whose testimony is necessary for authentication.

The Plaintiff reserves the right to call witnesses on the Defendants' list, and to amend this list with reasonable notice. The Plaintiff also reserves the right to call any rebuttal witness based on the testimony offered at trial.

Defendants' Witnesses

The Defendants reserve the right to call the witnesses listed by the Plaintiff, even if the Plaintiff elects not to call upon them at trial. In addition, the Defendants are likely to call the following witnesses:

    (a) Stephen Cooper

    (b) Julie Dillman

    (c) Lisa Franks

    (d) Ann Kendall

    (e) Melissa Obringer

    (f) Linda Vigeant

The Defendants object to the Plaintiff's effort to reserve the right to add additional witnesses not identified in this Pretrial Memorandum.

## X. EXPERT WITNESSES

Plaintiff's Expert Witnesses

At this time, the Plaintiff has not identified an expert witness. The Plaintiff does, however, reserve the right to call any expert witness to trial provided that such information be provided to Counsel for the Defendants reasonably in advance of trial. The Plaintiff may call her treating physicians as fact witnesses.

Defendants' Expert Witnesses

Neither party has disclosed expert witnesses as would be required by Rule 26(a)(2). Additionally, the parties each represented to the Court during the September 7, 2006 status conference that they did not intend to offer expert witnesses. The Defendants would therefore object to any experts offered by the Plaintiff.

## XI. PROPOSED EXHIBITS

Plaintiff's Proposed Exhibits

a. The Plaintiff's personnel file

b. The personnel files of comparable employees to the Plaintiff

c. Documents produced in discovery

d. Documents relating to the Plaintiff's pregnancy and medical condition

e. The Plaintiff's tax returns and financial information relating to income and benefits

f. Any other relevant documents

g. Plaintiff reserves the right to offer any exhibits identified by Defendant.

Defendants' Proposed Exhibits

h. Employment Application (PFILE000003- PFILE000005)

i. New Hire-Personnel Files Check List (PFILE000002)

j. Personnel Action Form – Hire (PFILE000030)

k. Code of Conduct Commitment to Compliance (PFILE000006)

l. CNA Job Description (Employee #5 file)

m. CNA Job Description acknowledgment signed by Gauthier (PFILE000007)

n. Employee Acknowledgment [for receipt of employee handbook]   (PFILE000008)

o. SunBridge Employee Handbook (EHB000001 - EHB000042)

p. Incident/Accident Report dated 4/28/04  (PFILE000056)

q. Absence Reports (PFILE000023-PFILE000024)

r. Record of Counseling (PFILE000025-PFILE000026)

s. Unemployment separation information (PFILE000028-PFILE000029)

t. Personnel Action Form – Termination (PFILE000031)

u. Personnel Action Notice dated 5/25/04 (PFILE000032)

    v.       Letter from Melissa Obringer to "Whom It May Concern" dated 8/18/04 (PFILE000044)

    w.      12/31/03  Note from Dr. Mietkiewicz  (PFILE000054)

    x.       1/6/04  Antepartum Record  (first 5 pages of Plaintiff's February 22, 2007 document)

    y.       1/12/04  Note from Dr. Farricy  (PFILE000059)

    z.       1/26/04  Note from Dr. Farricy  (PFILE000058, Exhibit C to Plaintiff's document production 0088)

    aa.    5/6/04  Note from Dr. Farricy  (Exhibit C to Plaintiff's document production 0089)

    bb.    Pages from the Redacted Employee File for Employee # 6

        bb-A.  Chart of absences

        bb-B.  Record of Counseling dated 9/6/05

        cc-C.  Personnel Action Form singed on 9/15/05

    cc.     Pages from the Redacted Employee File for Employee # 12

        cc-A.  Employment Application dated 12/16/03

        cc-B.  Personnel Action Form singed on 12/23/03

        cc-C.   Personnel Action Form signed on 12/30/03 and 12/31/03

The Defendants object to the Plaintiff's use of "Any other relevant documents," "Documents produced in discovery," and "Documents relating to the Plaintiff's pregnancy and medical condition" as these descriptions are inadequate to permit the Defendants to determine what documents will be offered, whether the documents are objectionable or whether those documents had been properly disclosed in discovery.

With regard to the "personnel files of comparable employees to the Plaintiff" produced in discovery by the Defendants, the Defendants agree that some of the contents of these files are relevant at trial, but that other contents of the files would be inadmissible.  Given the vague

description provided by the Plaintiff, the Defendants cannot designate the specific documents from individual employee files that they would offer at trial in response to the documents offered by the Plaintiff.

Respectfully submitted,

| The Plaintiff | The Defendants |
|---|---|
| WENDY GAUTHIER | SUNHEALTH SPECIALTY SERVICES, INC. and SUNBRIDGE HEALTHCARE CORPORATION |
| By Her Attorney | By Their Attorney |
| /s/ Michael O. Shea | /s/ Michael Williams |
| MICHAEL O. SHEA, ESQ. | K. SCOTT GRIGGS (BBO# 555988) |
| BBO# 555474 | MICHAEL WILLIAMS (BBO# 634062) |
| Law Office of Michael O. Shea, P.C. | Lawson & Weitzen, LLP |
| 451 Main Street | 88 Black Falcon Avenue, Suite 345 |
| Wilbraham, MA  01095 | Boston, MA  02210 |
| Telephone No.: (413) 596-8005 | Telephone No.: (617) 439-4990 |
| Facsimile No.: (413) 596-8095 | Facsimile No.: (617) 439-3987 |
| owenshea@aol.com | MWilliams@Lawson-Weitzen.com |
| Dated: April 30, 2008 | Dated: April 30, 2008 |