UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WENDY GAUTHIER,

    *Plaintiff,*

v.

SUNHEALTH SPECIALTY SERVICES, INC. and SUNBRIDGE HEALTHCARE CORPORATION,

    *Defendants.*

Civil Action No.: 4:05-cv-40119

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE UNDISCLOSED WITNESSES**

    The Plaintiff lists John Nordstrom as a witness in this matter. Mr. Nordstrom was not identified during discovery in this matter. The Plaintiff did not include Mr. Nordstrom in either her automatic disclosures required by Rule 26(a)(1)(A)(i) (requiring disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment"), or in her answers to Defendants' Interrogatories.

    INTERROGATORY NO. 23

    Please state the name and address of each and every person you believe to have any discoverable knowledge regarding any of the facts, events, allegations, or statements as set forth in your Complaint or about the subject matter of this litigation and set forth your understanding of the knowledge that each such person possesses.

    ANSWER:

    Objection: The foregoing Interrogatory is overbroad, unduly vague, unduly burdensome, seeks information protected by the attorney-client privilege and/or work product doctrine and seeks a legal conclusion. Notwithstanding the foregoing objection, and specifically reserving the same, pursuant to Rule 33 of the F.R.C.P., Kathy Raymond, Anne Kimball, Steve Copper, and Lisa Franks. The Defendant would be in a better position to provide the addresses of these individuals. I am not

aware or their residential addresses. The Plaintiff reserves the right to supplement her response to this Interrogatory.

Mr. Nordstrom was not mentioned in any deposition, any documents produced in discovery or in any other context during discovery, which concluded on January 31, 2007. The first time Mr. Nordstrom was disclosed as potentially having knowledge relevant to this matter was when the Plaintiff included his name on her list of potential witnesses in the pretrial memorandum filed on April 30, 2008.

In response to a request from Defendants' Counsel for information regarding the expected testimony of Mr. Nordstrom, Counsel for the Plaintiff stated in an August 21, 2008 letter that, "John Nordstrom will likely testify at trial regarding Ms. Gauthier's absences for her pregnancy-related medical conditions, as well as pertaining to the shift coverage she obtained to attend medical appointments while employed by the Defendants."

Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

**Wherefore,** this Court should not permit the Plaintiff to call Mr. Nordstrom.

| | |
|---|---|
| Dated: August 27, 2008 | Respectfully Submitted,<br><br>**SunHealth Specialty Services, Inc., and SunBridge Healthcare Corporation**,<br><br>by its attorney,<br><br>　　/s/ Michael Williams　　<br>K. Scott Griggs    (BBO# 555988)<br>Michael Williams (BBO# 634062)<br>Lawson & Weitzen, LLP<br>88 Black Falcon Avenue, Suite 345<br>Boston, MA 02210-1736<br>Telephone: (617) 439-4990<br>Facsimile:  (617) 439-3987<br>MWilliams@Lawson-Weitzen.com |
| **CERTIFICATE OF SERVICE**<br><br>I hereby certify that this Document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 27, 2008.<br><br>　　/s/ Michael Williams　　 | |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05cv40119-FDS

| |
|---|
| WENDY GAUTHIER,<br><br>　　　　　　　Plaintiff<br><br>v.<br><br>SUNHEALTH SPECIALTY SERVICES, INC. and SUNBRIDGE HEALTHCARE CORPORATION,<br><br>　　　　　　　Defendants |

## PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

The Plaintiff, Wendy Gauthier, hereby makes, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A) and (D), the following initial disclosure of non-privileged information which is currently and reasonably available to her in connection with the instant litigation.

### A. Identity of Persons with Discoverable Information

At present, the following persons are likely to have discoverable information which the Plaintiff may use to support her claims in the above-captioned litigation.[1]

    1.    Wendy Gauthier
              7 Grafton Street, Apt. #2
              Milbury, MA 01527

Wendy Gauthier, the Plaintiff ("the Plaintiff") will testify about her employment with the Defendants, SunHealth Specialty Services, Inc. and SunBridge Healthcare Corporation (collectively referred to as "the Defendants") and the discriminatory and/or retaliatory termination of her employment. The Plaintiff will also testify about the discrimination, retaliation, and retribution she experienced at the hands of the Defendants up to and including the termination of her employment, as alleged in the Plaintiff's *Complaint and Jury Demand*, which

---

[1] The Plaintiff incorporates herein the persons listed in the Defendant's Fed. R. Civ. P. 26(a)(1) Statement. Other persons may have knowledge of matter relevant to the instant litigation. The Plaintiff reserves the right to identify additional witnesses who may surface during discovery.

was filed with the Worcester County Superior Court and was removed by the Defendants to the United States District Court, District of Massachusetts ("Plaintiff's Complaint").

2. Anne Kendall
Former Director of Nursing
(current address unknown)

Anne Kendall will likely testify about the Plaintiff's employment with the Defendants, the Plaintiff's pregnancy, the Plaintiff's requests for reasonable accommodation, medical documentation and/or notes, and the discriminatory and retaliatory termination of the Plaintiff's employment.

3. Kathy Raymond
(current address unknown)

Kathy Raymond ("Ms. Raymond") will likely testify about the Plaintiff's job performance and/or employment with the Defendants. Ms. Raymond will also likely testify about the circumstances surrounding the incident referred to in Paragraph 5 of Plaintiff's Complaint.

4. Lisa Franks
(current address unknown)

Lisa Franks will likely testify about the Plaintiff's job performance and/or employment with the Defendants.

5. Steve Copper
(current address unknown)

Steve Cooper will likely testify about the Plaintiff's job performance and/or employment with the Defendants, and the Plaintiff's requests for reasonable accommodation.

6. John Farricy, M.D.
Obstetrics & Gynecology
20 Worcester Center Blvd.
Suite 587, 5th Floor, North
Worcester, MA 01608

Dr. John Farricy will likely testify about the Plaintiff's pregnancy and the medical documentation regarding the Plaintiff's employment with the Defendants.

B. **Relevant Documents**

At present, the Plaintiff may support her claims in this matter with the following relevant documents, copies of which are already in the Defendants' possession.[2]

1. All documents produced during the Massachusetts Commission Against Discrimination ("MCAD") proceedings related to the instant case, and all documents on file with the MCAD relating to the instant case.

2. The Plaintiff's personnel records and documents relating to the Plaintiff's employment with the Defendants, her pregnancy issues, her work-related injury, and requests for reasonable accommodation.

3. The personnel files of Plaintiff's co-workers and/or individuals who performed the Plaintiff's job duties following the termination of her employment.

4. The Plaintiff's medical notes and records.[3]

5. Claims of discrimination based upon sex, gender, handicap, disability, and complaints of retaliation lodged and/or filed against the Defendants in the last ten years.

6. The personnel files of replacement employees.

7. Correspondence related to the Plaintiff's communications with the Defendants about the Plaintiff's claims in the instant case.

C. **Damages Computation**

The Plaintiff is in the process of calculating her economic losses, which include lost wages. The Plaintiff's damages of emotional distress cannot be calculated with precision. The Plaintiff also has attorney's fees, which are ongoing.

D. **Insurance Documents**

There is no known insurance, at this time, which may cover the Plaintiff's claims.

---

[2] The Plaintiff reserves the right to identify other documents which may be produced during the discovery phase of this litigation or otherwise, and which may further support her claims.
[3] These documents may be produced pursuant to an appropriate Protective Order and/or Confidentiality Agreement entered into by the Parties and their Counsel.

The Plaintiff
WENDY GAUTHIER
By Her Attorney

_____
MICHAEL O. SHEA, ESQ.
BBO No. 555474
Law Office of Michael O. Shea, P.C.
451 Main Street
Wilbraham, MA 01095
Telephone No.: (413)596-8005
Facsimile No.: (413)596-8095

Dated: February 8, 2006

## Certificate of Service

I, Michael O. Shea, hereby certify that on this 8th day of February, 2006, I served a true and accurate copy of the foregoing document by facsimile and U.S. mail, postage prepaid, to Counsel of Record for the Defendants.

_____
Michael O. Shea