UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WENDY GAUTHIER,<br><br>                Plaintiff<br><br>v.<br><br>SUNHEALTH SPECIALTY SERVICES, INC. and SUNBRIDGE HEALTHCARE CORPORATION,<br><br>                Defendants | CIVIL ACTION NO.: 05cv40119-FDS |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE RELATED TO OTHER EMPLOYEE WHO IS NOT COMPARABLE TO THE PLAINTIFF**

NOW COMES the Plaintiff, Wendy Gauthier, and hereby opposes the Defendants' Motion In Limine To Preclude Evidence Related To Other Employee Who Is Not Comparable To The Plaintiff.

A review of the personnel files of other CNAs[1] revealed that leniency was granted to several other employees of the Defendants with regard to the attendance policy, particularly as compared to the Plaintiff. As the Plaintiff is alleged to have been terminated following one incident of allegedly failing to call or show for an assigned shift, the disciplinary records of Employee No. 9 are highly relevant to this litigation. Employee No. 9's disciplinary history is not solely related to unprofessional attitude and alcohol abuse issues as the Defendants suggest, but also relates to attendance issues, specifically, three alleged incidents of no call/no show for an assigned shift. The disciplinary records of Employee No. 9 reveal that Employee No. 9 was

---

[1] The Parties agreed to keep the names of comparator employees confidential for privacy purposes, and the Parties also agreed that the said employees were in comparable positions to the Plaintiff, e.g. CNAs.

suspended, but not terminated, after being found lying in bed with a resident with a strong odor of alcohol and then refusing alcohol testing. Following this incident, Employee No. 9 was then issued a reprimand for committing no call/no shows. Of critical importance is the fact that the reprimand of Employee No. 9 specifically states that three no calls/no shows within a reasonable time frame is cause for termination. Employee No. 9's employment file indicates that she was not terminated from her employment despite the incident of alcohol abuse <u>and</u> three no calls/no shows, whereas the Plaintiff was allegedly terminated for one (refuted) no call/no show in which she attempted to obtain coverage for her shift.

      WHEREFORE, for the foregoing reasons, a jury should be afforded the opportunity to review the disciplinary action records of all comparator employees, including Employee No. 9, to determine whether the disciplinary policies of the Defendants were evenly applied to the Plaintiff versus other CNAs, and whether accommodations should have been granted to the Plaintiff with regard to her absences due to her pregnancy and related medical conditions.

Respectfully submitted,

The Plaintiff
WENDY GAUTHIER
By Her Attorney


/s/ Michael O. Shea                                      Date:  September 2, 2008
MICHAEL O. SHEA, ESQ.
BBO No.: 555474
Law Office Of Michael O. Shea, P.C.
451 Main Street
Wilbraham, MA 01095
Telephone: (413)596-8005
Facsimile: (413)596-8095

/s/ Daniel J. O'Connell                          Date:  September 2, 2008
DANIEL J. O'CONNELL, ESQ.
BBO No.: 550633
O'Connell, Plumb & MacKinnon, P.C.
75 Market Place
Springfield, MA  01103
Telephone: (413) 733-9111
Facsimile: (413) 733-9888


**CERTIFICATE OF SERVICE**

    I, Michael O. Shea, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 2, 2008 and that there are no non-registered participants.

                                                  /s/ Michael O. Shea