UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WENDY GAUTHIER,

    *Plaintiff,*

v.

SUNHEALTH SPECIALTY SERVICES, INC. and SUNBRIDGE HEALTHCARE CORPORATION,

    *Defendants.*

Civil Action No.: 4:05-cv-40119

## DEFENDANTS' RENEWED MOTION IN LIMINE TO EXCLUDE UNDISCLOSED WITNESSES

    This renewed Motion in Limine is brought pursuant to the instructions of this Honorable Court received yesterday as the Court entertained oral argument on the defendant's original Motion In Limine on this point, and required that Plaintiff's counsel furnish a letter by 1:00 p.m. today detailing the testimony anticipated to be offered by Mr. Nordstrom. The Court will also recall the request by defense counsel that the Plaintiff provide specific dates and times with regard to the anticipated testimony, and the bases for such testimony.

    Attached as **Exhibit 1** is a letter received from Plaintiff's counsel at exactly 1:00 p.m. today, Friday September 5, 2008. As a cursory review of this hastily drafted seven (7) sentence letter will indicate, absolutely no specific dates were offered as to when the Plaintiff allegedly experienced the symptoms complained of, nor are specific dates provided as to when the witness will claim the Plaintiff made alternate arrangements to cover shifts at the Defendants' facility. Further, no basis for any of the vaguely described testimony is offered, such as, "on May 5, 2004 at I overheard Ms. Gauthier speaking on the phone with so-and-so …".

By way of background and reiteration from yesterday's motion, the Plaintiff listed John Nordstrom as a witness in this matter. Mr. Nordstrom was not identified during discovery in this matter. The Plaintiff did not include Mr. Nordstrom in either her automatic disclosures required by Rule 26(a)(1)(A)(i) (requiring disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment"), or in her answers to Defendants' Interrogatories.

>INTERROGATORY NO. 23
>
>Please state the name and address of each and every person you believe to have any discoverable knowledge regarding any of the facts, events, allegations, or statements as set forth in your Complaint or about the subject matter of this litigation and set forth your understanding of the knowledge that each such person possesses.
>
>ANSWER:
>
>Objection: The foregoing Interrogatory is overbroad, unduly vague, unduly burdensome, seeks information protected by the attorney-client privilege and/or work product doctrine and seeks a legal conclusion. Notwithstanding the foregoing objection, and specifically reserving the same, pursuant to Rule 33 of the F.R.C.P., Kathy Raymond, Anne Kimball, Steve Copper, and Lisa Franks. The Defendant would be in a better position to provide the addresses of these individuals. I am not aware or their residential addresses. The Plaintiff reserves the right to supplement her response to this Interrogatory.

Mr. Nordstrom was not mentioned in any deposition, any documents produced in discovery or in any other context during discovery, which concluded on January 31, 2007. The first time Mr. Nordstrom was disclosed as potentially having knowledge relevant to this matter was when the Plaintiff included his name on her list of potential witnesses in the pretrial memorandum filed on April 30, 2008.

In response to a request from Defendants' Counsel for information regarding the expected testimony of Mr. Nordstrom, Counsel for the Plaintiff stated in an August 21, 2008 letter that, "John Nordstrom will likely testify at trial regarding Ms. Gauthier's absences for her pregnancy-related medical conditions, as well as pertaining to the shift coverage she obtained to attend medical appointments while employed by the Defendants."

Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

As it is now well into the afternoon of the last business day before trial, due to the wholly insufficient letter offered by Plaintiff's counsel, Mr. Nordstrom should not be permitted to testify.

**Wherefore,** this Court should not permit the Plaintiff to call Mr. Nordstrom.

Dated: September 5, 2008

Respectfully Submitted,

**SunHealth Specialty Services, Inc., and SunBridge Healthcare Corporation**,

by its attorney,

   /s/ Michael Williams
K. Scott Griggs    (BBO# 555988)
Michael Williams (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987
MWilliams@Lawson-Weitzen.com

**CERTIFICATE OF SERVICE**

I hereby certify that this Document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 27, 2008.

   /s/ Michael Williams

3



O'CONNELL
PLUMB
&
MACKINNON P.C.

*Attorneys at Law*

September 5, 2008

Via Facsimile (617-439-3987)

K. Scott Griggs
Lawson & Weitzen, LLP
88 Black Falcon Ave.
Boston, MA 02210

Re:  <u>Gauthier v. Sunhealth Specialty Services, et.al.</u>
United States District Court
C.A. 05 cv 40119 – FDS

Dear Attorney Griggs:

In accordance with Judge Saylor's instructions, the following is a summary of John Nordstrom's anticipated testimony in the above-referenced action.

Mr. Nordstrom will briefly introduce himself. He is 37 years old, and lives at 7 Grafton Street, Milbury, Massachusetts.

He is currently employed as a painter with L&J of New England. He has been the live-in significant other of our client for thirteen years, and the father of Wendy's daughter Hanna Nordstrom.

Mr. Nordstrom will also testify as to his observations of Ms. Gauthier's pregnancy and the symptoms she experienced, namely swollen feet, morning sickness, fluid retention, ability to work at times, and inability to attend work at times.

He will also discuss his observations of the emotional distress he observed Wendy Gauthier to suffer from being terminated by Sunbridge, the financial position both he and Wendy were put under upon her termination from Sunbridge, how their home went into foreclosure, and they were forced to sell their home, most of which Wendy has previously testified to.

75 MARKET PLACE
SPRINGFIELD, MA 01103
PH 413 733 9111
FX 413 733 9888
www.ocpllaw.com
*A Professional Corporation*

He will further testify as to his knowledge of arrangements made by Wendy for coverage when she was unable to attend work at Sunbridge. He will testify that he worked the 8:00 a.m. to 4:00 p.m. shift and was home during the afternoon and early evenings, able to observe Wendy prior to her third shift from 11:00 p.m. – 7:00 a.m.

He will also testify about how there was no call from Sunbridge made to their home on the date of the last alleged "no call / no show".

If you have questions regarding this supplemental information, kindly contact us immediately.

Very truly yours,

Daniel J. O'Connell

DJO/bg
cc: Wendy Gauthier
    John Nordstrom
    Michael Shea, Esq.